Snodgrass, J.,
delivered the opinion of the court:
This suit was brought to recover damages for injuries inflicted upon Mrs. Baird, by a bull alleged to belong to defendants, Yaughn & Wade. There was a trial before a jury. Yerdict and judgment in favor of defendants. Appeal and assignment of errors by plaintiffs. The bull attacked and badly injured Mrs. Baird, on the street, in Nashville, July 1, 1888. It had escaped on the day before, while being driven, with three others, through the city. They were in charge of two negroes, and driven without being secured in any way. The one which inflicted the injury complained of broke away from the others, and, being abandoned by those in charge as uncontrollable, committed various depredations the evening before. Among other questions in the controversy was that of ownership, *318 and in wliose charge the animal was when he escaped. The defendant, Vaughn, testified that he was not the owner. Plaintiff offered to prove what the negroes in charge said while driving the animals about where they were driving them from and where to. This was objected to by defendants, and the court sustained the objection. This plaintiff assigned as error. We hold it is so, and that witness must be permitted to answer. The next assignment was upon refusal of the judge to charge as requested by plaintiffs, as follow's: “If the jury believes from the vidence that plaintiff, J. P. Baird, before his suit was commenced, approached the defendant, Joseph Vaughn, in order to ascertain from him who was the owner of the bull which inflicted the injury complained of, with the view of bringing suit for such injury, and that defendant, Vaughn, with knowledge of plaintiff’s purpose in making this inquiry of him, and with intent that his answer should influence the action of plaintiff, told plaintiff that he, Vaughn, ivas the owner of said bull, and had placed said bull and others in charge of defendant, H. Wade, his agent, to sell or dispose of, and that plaintiff, acting upon this statement, brought suit against said defendants, Vaughn & Wade, under the belief created by the statement 'of said Vaughn that he was the owner of said bull, and was therefore misled as to the real owner of the bull, and has lost his right of action against the real owner by loss of time and ignorance of Ihe real owner, then the defendant, Vaughn, is estopped to deny that he is the owner, and his said representation to plaintiff is conclusive against him.” This charge should have been given, and it was error to refuse it and charge otherwise, as the circuit judge did. Other errors are assigned on the charge, and specially that it makes the liability of the defendants depend upon vicious propensities of the animal previously existing, and notice thereof by defendants, and states the rule applicable to the case of owners allowing animals at large and driven through the streets *319 of tlie city not properly attended or controlled. The charge is open to this objection, and is, in that respect, erroneous. Several paragraphs are objected .to and set out in detail on this point in the assignment of errors; but, as they go to the same question included in general statement above, need not be separately noticed or discussed. The judgment must be reversed, and ca.se remanded for a new trial. Costs of this court will be paid by defendants in error.